Ms. Pat Lile, Executive Director The Commission for Arkansas' Future 1111 West Capitol, Suite 574 Little Rock, Arkansas 72201
Dear Ms. Lile:
This is in response to your request for an opinion concerning the taxability of donations made to the Commission. You have asked three specific questions in this regard, which are as follows:
 1. Are cash donations either by private individuals, or businesses, tax deductible by those parties;
 2. Are tangible items such as VCRs, TVs, et al, that have a market value and are donated to the agency deductible, whether by private individuals or businesses; and
 3. Are volunteered services, i.e., a pre-set number of hours spent researching statistics, organizing conferences, or other type services requiring the solicitation of `specialists' who are perhaps retired — or not working in paid positions — tax deductible for those individuals?
You also note that the Commission is an official state agency, and not a charitable organization.
The answers to your questions will ultimately have to be answered by the Internal Revenue Service, as any opinion of this office will not be binding upon that agency. Additionally, it may be that the attendant facts surrounding each donation will lead to different results for different donations. These questions will have to be determined by the individual taxpayer with the advice of his or her accountant, attorney, or other tax preparer. We cannot, therefore, give you a definite opinion which will control in all cases. In an effort to be helpful to you, however, we will set out some general federal tax law governing these types of donations.
Cash contributions to a state can qualify for a charitable contribution deduction if made exclusively for public purposes.26 U.S.C. § 170 (c)(1). Contributions which would inure to the benefit of particular individuals have been held not for a "public purpose."
Gifts of tangible personal property to governmental agencies are ordinarily deductible to the extent of the property's fair market value at the time of the gift. 26 C.F.R. § 170A-1(c). The amount of the deduction, however, may be reduced, if the donee's use of the property is unrelated to any purpose or function which would support a charitable contribution deduction.26 U.S.C. 170(e)(1)(B)(i). Presumably, this means that the deduction may be reduced if the Commission's use of the property is not for a "public purpose."
Finally, there is generally no deduction allowed for the value of services a taxpayer renders to a charity. 26 C.F.R. § 1.70A-1(g) and 26 C.F.R. § 1.70-2 (a)(2).
Again, individual cases may vary. The resolution of these questions will have to be determined by the individual taxpayers based upon the advice of their tax preparers, and will ultimately have to be decided by the I.R.S.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb